**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIVA DE LOS ANGELES AREVALO, | No. 10-71379 |
| Petitioner, | Agency No. A099-447-248 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Diva de los Angeles Arevalo, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") March 30, 2010,

order denying her motion to reconsider. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the BIA's denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo due process claims. *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Arevalo's motion to reconsider because Arevalo failed to identify any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1). The BIA also did not err in concluding that, even under the standard set forth in *Ochoa v. Gonzales*, 406 F.3d 1166 (9th Cir. 2005), Arevalo failed to satisfy her burden of proof for relief under the Convention Against Torture. *See id*. at 1172.

We reject Arevalo's contentions that the BIA violated due process by ignoring arguments and facts, and misapplying the law. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

Further, Arevalo's contention that the agency did not properly evaluate her declaration is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We also lack jurisdiction to consider Arevalo's contention that the immigration judge did not consider the cultural aspect of her claim in denying asylum, and her contention that she is a member of a particular social group of businesswomen because she did not exhaust them before the agency. *See id.*

10-71379

Thus, we deny the government's motion to strike portions of Arevalo's reply brief as unnecessary.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**